## *In re* MORROW.

1. EXTRADITION—ERRONEOUS REFERENCE IN COURT CERTIFICATE.
   Fact. that certificate by circuit court as to warrant issued by justice of the peace in demanding State stated that "the above is a true and correct copy of the original affidavit made in this case" erroneously referred to warrant as an affidavit *held,* a harmless error and in no way prejudicial or misleading.

2. SAME—CERTIFICATES—ATTORNEY GENERAL—SIGNATURES ON REQUISITION PAPERS.
   The certification of the attorney general of the demanding State that requisition papers for petitioner in habeas corpus proceeding in this State had been examined and found to be in due form according to law cured any misunderstanding which may have arisen because of fact that papers did not expressly show that individual who had signed certification as to authenticity of signatures of officers who had signed various papers was a duly-appointed deputy circuit clerk as authorized by statute therein (2 Mississippi Code 1942, § 1662).

3. SAME—REQUISITIONS—STATUTES.
   Requisition papers seeking extradition of person found in this State and charging him with assault with intent to kill a constable about to arrest him for a misdemeanor which had been committed in the constable's presence *held,* sufficient on their face, regularly issued and in compliance with provisions of uniform criminal extradition act (Act No. 144, § 3, Pub. Acts 1937).

Appeal from Kent; Brown (William B.), J. Submitted January 5, 1945. (Docket No. 46, Calendar No. 42,876.) Decided February 20, 1945.

Habeas corpus proceedings by Bonnie Morrow to test the validity of extradition proceedings. Writ dismissed. Plaintiff appeals. Affirmed.

*Floyd H. Skinner,* for plaintiff.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara,* Assistant Attorney General, and *Menso R. Bolt,* Prosecuting Attorney, for the people.

Butzel, J. Bonnie Morrow filed a petition for writ of habeas corpus in the circuit court for the county of Kent alleging that he was unlawfully held on requisition papers from the State of Mississippi alleged to be fatally defective. The papers show that it is charged that on or about the 10th day of July, 1944, in the county of Monroe, Mississippi, Morrow assaulted with intent to kill one J. D. Rea, a constable who was at the time attempting to arrest him for a crime or misdemeanor committed in Rea's presence. The papers include a demand for the delivery of Morrow, a fugitive from justice, by the governor of Mississippi to the governor of Michigan, and the appointment of an agent to receive the fugitive; a certificate by the attorney general of Mississippi showing that the requisition was in due form according to law; an application for requisition for extradition by the county prosecuting attorney and by the sheriff; a copy of an affidavit of the complaining witness before a justice of the peace of Monroe County, Mississippi; a copy of the criminal warrant issued by the justice of the peace; a certificate of the circuit judge of the First Judicial District of Mississippi that Opal Ritter, who signed as circuit clerk, was the circuit court clerk, and that her signature attached to the certification was genuine; a certification by Opal Ritter, circuit court clerk, that the signature of the judge was genuine and that he was the sole presiding judge of the First

Judicial District of the State; a second certification by the circuit court clerk of the First Judicial District of Mississippi, that all the parties who respectively signed as prosecuting attorney, sheriff, justice of the peace, *et cetera,* legally held their respective offices at the time of the signatures, and that their signatures were genuine. There is also attached the warrant of the Honorable Harry F. Kelly, Governor of the State of Michigan, addressed to the sheriff of Kent county directing him to apprehend Morrow as a fugitive from justice and deliver him to the agent appointed by the governor of the State of Mississippi to receive him.

Many questions were raised in the lower court where the writ of habeas corpus was dismissed. On appeal from the order of the trial judge denying habeas corpus only a few questions are raised.

The record shows that in the certified copy of the warrant issued by the justice of the peace, it is stated that the circuit court hereby certifies that "the above is a true and correct copy of the original affidavit made in this case." Obviously the word "affidavit" was used instead of the word "warrant." It referred to the "above" document which was the warrant. We see no merit to the claim. This was a harmless error and in no way prejudicial or misleading.

Further error is claimed because in the second certification of the circuit court clerk of the First Judicial District of Mississippi, as to the fact that the parties held their offices legally and that the signatures were genuine, the signature is as follows:

"Opal Ritter, Circuit Clerk, by S. D. Ritter, D. C." The official seal of the office is attached. The letters "D. C." after S. D. Ritter's name are evidently abbreviations for deputy clerk. It is claimed

that there is no showing who S. D. Ritter, D. C., was when he or she signed the name of Opal Ritter, circuit clerk.

Section 1662 of the Mississippi Code, 1942, vol. 2, provides that the clerk of the circuit court may appoint one or more deputies. We believe any misunderstanding was cured by certification of the attorney general of Mississippi, who certified that he had examined the requisition and found it to be in due form according to law. We do not believe that the error was fatal.

In the case of *Collins* v. *Traeger, Sheriff* (C. C. A.), 27 Fed. (2d) 842, 845, it was said:

"Nor do we think there is merit in a further contention of invalidity, based upon the fact that the two certificates hereinbefore referred to as the certificates of the clerk of the municipal court, though reciting that James E. Kearns is clerk, are each signed by Jeanne M. Wallace. Both certificates bear the seal of the court, and the chief judge certifies as to the first, which is in form like the second, that Kearns is the clerk, and that 'his attestation is in due form of law and by the proper person.' Presumably Jeanne M. Wallace was a deputy, authorized to execute such certification on behalf of her principal. Besides, the Federal statutes require only that the affidavit or complaint be authenticated by the governor of the demanding State, and it is not for us to inquire upon what information he may have acted."

Other defects are referred to only in a general way and are not specifically discussed.

On careful examination we find that the requisition papers were sufficient on their face. They were regularly issued and they complied with Act No. 144, § 3, Pub. Acts 1937 (Comp. Laws Supp. 1940,

§ 17512–3, Stat. Ann. § 28.1285 [3]). We find no merit.in the objections made by petitioner.

The order dismissing the writ of habeas corpus is affirmed.

STARR, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.